By the Court.
Section 10596, General Code, reads: “If a testamentary trustee dies, declines to accept, resigns, becomes incapacitated, or is re *316 moved, and such will has not provided for the contingency of the death, incapacity or refusal of such trustee or trustees to accept or execute the trust, or such will names no trustees, the court having probate of the will may appoint some suitable person or persons to execute the trust, according to the will, who must give bond with security as provided herein.”
We hold that the language of this statute is ■ sufficiently clear and comprehensive to prevent the failure of any valid trust merely because there has been a failure of a trustee; that is, if a valid trust has been created the probate court is authorized to appoint a trustee to administer it “according to the will.”
The contention is made that the testatrix in effect adopted this statute in the will, and that the statute, therefore, is absolutely controlling, unless, as contended in defendant in error’s brief, “the contrary appears, and according to the decisions in this state the contrary can only appear in one of two ways, either by the express provisions of the will, or because the nature of the duty is such that it cannot be performed by another.”
The intention of the testator must prevail, and the question, therefore, is, what was that intention ?
The will is of unusual length and composed of thirteen several items: It evidences the most painstaking care in specific provisions in great detail as to each devise and legacy.
This is particularly noticeable on an examination and analysis of each of the several items, particularly Items 5, 6, 7, 8, 9. and 10. In each of these several items the devises and legacies are so defi *317 nitely and completely provided for as to prevent any lapse or failure; all of which indicates the testatrix’s knowledge and understanding of the nature of those legacies and devises — that they might fail or lapse — and that, in order to avoid it, special provision was made touching the contingency of death of legatee or devisee.
Again, in Item 12 the testatrix evidences the most thoughtful and painstaking care touching the executors of her will. In the last paragraph of said Item 12 the testatrix says: “It is my will and I do hereby further direct, that in case either one of the persons named as executors of this my last will and testament shall for any reason refuse, neglect or fail to qualify or act as such co-executor as aforesaid, or if he does so qualify and act and then resign or be removed, that thén and in either case the other one is to act alone and have and carry out any and all of the powers and exercise any and all the privileges and discretions herein given to both of them as perfectly and fully and completely as though he had been so named and given such •privileges, discretions and powers alone.”
It will be noted that this applies only to O. P. Converse, of London, and M. L. Rea, of Madison county, Ohio, “as executors.”
In the light of these several items let us now carefully note and critically examine .Item 12,-which is the item purporting to create the trust in question: “After all of the balance of the lands of which I may die seized are sold and converted into money as hereinafter provided, then I do hereby give, devise and bequeath unto O. P. Converse, of London. Madison county, Ohio, all of the balance *318 and residue of my estate, whether it be money or uncollected notes and securities, in trust for the following purposes, to-wit, to collect any uncollected notes that he can reasonably collect, and then to use all the remainder of such notes and the balance of the money belonging to my estate including any that may be so realized from any of said notes and securities for any such charitable purposes that he may deem proper and designate in such amounts as he may designate and think best, for permanent -or temporary charities, and no bond shall be required of him in so doing.”
The language of this item clearly and conclusively exhibits the full and abiding trust and confidence in the judgment and discretion of the trustee, O. P. Converse, in the selection of the beneficiaries, the amounts to be paid and the time and manner of the payment. In short, it makes the judgment and discretion of said Converse absolutely essential to the creation of the trust. Without the trustee, Converse, there could be no trust as contemplated by the testatrix.
This is self-evident when it is noted that she makes no provision whatsoever for any failure by death or otherwise of the trustee to act. This omission by the testatrix is still more significant in view of the fact that that omission does not appear in the other items already referred to.
Manifestly, when she provided that in the event of the death of Converse as executor Rea should act fully and completely as the survivor, she likewise must have had before her the effect of such death as trustee upon the trust that she had created through said Converse.
*319 It is self-evident, therefore, that this was peculiarly a personal trust, a trust that she expected Converse to personally create and ¿xecute, and it is the common experience in such matters that the trustee had an intimate and confidential knowledge of such charities as the testatrix desired to be benefited by her estate.
Therefore, as the trust is clearly dependent for its creation and execution upon the personality of the trustee, from the language of the item of the will purporting to create such trust, as well as from the four corners of the will itself, when such trustee fails, the trust must likewise fail.
One more suggestion will not be amiss to show the impossibility of anyone else than Converse administering the trust. The statute itself uses the language, “the court having probate of the will may appoint some suitable person or persons to execute the trust, according to the will ”
But the will is silent as to how it shall be executed save and except that it be according to the judgment and discretion, not of a trustee, but of Converse the trustee. How could any other person than Converse execute this trust “according to the will?”

Judgment of the court of appeals reversed and judgment for plaintiffs in error.

Nichols, C. J., Wanamaker, Jones, Matthias and Donahue, JJ., concur.
Johnson, J., not participating.